RACHEL LEDERMAN, SBN 130192
Rachel Lederman & Alexsis C. Beach, Attorneys
558 Capp Street
San Francisco, CA 94110
Telephone: (415) 282-9300
Fax: (510) 590-9296
E-mail: *rachel@bllaw.info*

Attorneys for defendant Raha Mirabdal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JOHN JENNINGS, ET AL., <br>    Plaintiff, <br>       v. <br><br> REGENTS OF THE UNIVERSITY OF CALIFORNIA, ET AL. <br>    Defendants. | Case No. 18-cv-00268 CW <br><br> **DEFENDANT MIRABDAL'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF JENNINGS' SECOND AMENDED COMPLAINT** <br><br> Judge: Hon. Claudia Wilken <br> Hearing Date: March 19, 2019 <br> Hearing Time: 2:30 p.m. <br> Location: 1301 Clay Street, Oakland <br> Trial Date: None set. |

### I.    Introduction

Plaintiffs' arguments as to why the motion to dismiss should be denied, as best as defendant's counsel can make out, are that "Defendant Mirabdal was caught on multiple videos actively engaging in a riot that resulted in great bodily harm to Plaintiffs" (Opposition, Doc. 63, PDF p. 4); and "There are substantial factual allegations about how certain violent extremist groups such as Antifa and B.A.M.N. (of which Defendant

Mirabdal appears to be and is pled as being a member) conspired, planned, and then carried out their criminal plot to riot at the Milo Event" and Ms. Mirabdal is therefore liable for everything that occurred under a civil conspiracy theory. (*Ibid.*, parenthetical material in original.)

These allegations are not pled with sufficient specificity to state a claim against Ms. Mirabdal that is plausible on its face, as further discussed below and in defendant's original memorandum. (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) [*Iqbal*]; *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 557 (2007) [*Twombly*].)

## II.     The Supposed Video Evidence

There are two problems with plaintiffs' repeated reliance on video evidence to save their complaint: a) the complaint does not incorporate any specific videos alleged to depict Ms. Mirabdal, nor has Ms. Mirabdal agreed that any such video is authentic; and b) even if they had, by plaintiffs' own description, none of the purported videos show Ms. Mirabdal actually battering anyone or engaging in any other actionable conduct.

### A. The Second Amended Complaint Does Not Properly Incorporate By Reference Any Video Alleged to Depict Defendant Mirabdal.

The general rule is that courts, when ruling on a motion to dismiss, must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint. (*Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F.3d 912, 925.)

An exception exists under the "incorporation by reference" doctrine, which permits the court to take into account documents whose *contents are alleged in a complaint*, and *whose authenticity no party questions*. (*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).) For example, a court considered a video in deciding a motion to dismiss when that specific video of the incident was extensively referenced in the plaintiff's complaint, and was also made an exhibit to the defendants' motion to dismiss, and both parties considered the video authentic. (*King v. Cty. of Los Angeles*, No. CV1507072SVWAFM, 2017 WL 6885600, at *4 (C.D. Cal. 2017), report and recommendation adopted, 2017 WL 6883915 (C.D. Cal. 2017).)

Here, whatever videos plaintiffs are referring to are neither attached nor incorporated by reference into the Second Amended Complaint. Ms. Mirabdal does not know what videos plaintiffs claim depict her. Nor does defendant agree that these unknown videos are authentic. Accordingly, the Court must disregard plaintiffs' argument concerning video evidence. Needless to say, the still photograph in plaintiffs' opposition, Doc. 63 at PDF p. 6, must also be disregarded as it is part of the complaint (moreover, the circled person does not appear to be doing anything other than being present in a crowd.)

> **B. The Purported Videos, By Plaintiffs' Description, Do Not Support The Claims Against Ms. Mirabdal, So The Court Should Deny Leave to Amend.**

Even if plaintiffs were allowed to further amend their complaint and somehow get these video(s) before the Court, and defendants were to stipulate to their authenticity, by plaintiffs' own description, the videos do not add sufficient factual matter to their complaint to state plausible claims against Ms. Mirabdal. According to plaintiffs, the videos show that "Defendant Mirabdal was one of the immediately surrounding rioters, screaming profane encouragement and even lashing out herself at Plaintiff Jennings" (Doc. 63, PDF p.4); and "in the core violent group of masked and armed rioters who attacked Plaintiffs" (Doc. 63, PDF p.12). This would add nothing to bolster the complaint. Verbal "encouragement", even if "profane", is not a threat of violence that might violate the Ralph Act. Rather, the supposed epithet would be protected First Amendment speech. (E.g., *United States v. Poocha*, 259 F.3d 1077, 1081–1082 (9th Cir. 2001) [statement "Fuck you" uttered to National Park Service ranger and accompanied by the clenching of fists was constitutionally protected speech].)

Plaintiffs' description of the video evidence in their opposition effectively concedes that the videos do not show Ms. Mirabdal battering or imprisoning any of the plaintiffs. The Court can take into consideration concessions made in plaintiff's response to the motion to dismiss. (*Schatz v. Republican State Leadership Committee* (1st Cir.

2012) 669 F3d 50, 55; Rutter Group Prac. Guide *Fed. Civ. Pro. Before Trial* Ch. 9-D ¶ 9:211.)

Accordingly, the complaint should be dismissed with prejudice.

### III. Plaintiffs' Conspiracy Allegations Are Insufficient To Impose Vicarious Liability On Ms. Mirabdal For Others' Acts.

Plaintiffs attempt to bolster their failure to allege that Ms. Mirabdal did anything specific that makes her liable under any of their causes of action by alleging that she was part of a civil conspiracy to batter and imprison the plaintiffs. The crux of plaintiffs' conspiracy theory is just their allegation that Ms. Mirabdal is a member of BAMN, but this allegation is conclusory and not supported by factual content. Plaintiffs fail to allege any basis for their allegation on information and belief as to Ms. Mirabdal's political affiliation, other than Mirabdal's alleged presence at the counter-demonstration. But plaintiffs have alleged that "Various left-wing militant political groups, some organized and some decentralized" were involved in opposing Milo Yiannopoulos speaking at Berkeley, including, "but not limited to, Berkeley Antifa, IGD (It's Going Down), BAMN (By Any Means Necessary) and Refuse Fascism" as well as the Berkeley United Against Trump Coalition. (Doc. 56, PDF pp.20-21.) Obviously, not everyone who protested Milo Yiannopoulos was a member of BAMN or any other organization.[1]

Even if there were some non-conclusory facts alleged to support plaintiffs' conjecture as to Ms. Mirabdal's political affiliation, mere association with a political group is not enough to allege a civil conspiracy. Essentially, plaintiffs are alleging that

---

[1] Further, plaintiffs' allegations concerning BAMN are not supported by the footnoted material, which relates to many other groups. For example the article cited for plaintiffs' contention that BAMN stabbed people in a protest in Sacramento in 2016 does not mention BAMN and actually concerns a confrontation between Neo-Nazi "Traditionalist Worker Party" members and members of "the anti-fascist organization Antifa Sacramento" in which Nazis stabbed anti-fascists and anti-fascists threw water bottles and sign posts. (See Doc. 56, PDF p.22.)

anyone at the counter-demonstration was a member of the conspiracy. This is not plausible and not supported by sufficient factual allegations.

A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage. (*Hampton v. Hanrahan*, 600 F.2d 600, 620-621 (7th Cir. 1979), rev. on other grounds by *Hanrahan v. Hampton*, 446 U.S. 754 (1980).) Protesting, without more, is lawful conduct. "Lawful parallel conduct fails to bespeak unlawful agreement. It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." (*Twombly*, 550 U.S. at pp. 556–557.) Ms. Mirabdal's alleged participation in the counter-demonstration is mere lawful parallel conduct with a variety of other people, some of whom allegedly engaged in violence against the plaintiffs and many of whom we can assume did not.

Again, the only affirmative conduct plaintiffs accuse Ms. Mirabdal of is "attempting to batter [Jennings] after he had been beaten unconscious". (Doc. 56, ¶ 219.) As discussed, the complaint fails to describe what Ms. Mirabdal *actually did*, or how this harmed Jennings or any other plaintiff. Plaintiffs' conclusory conspiracy allegations do not elevate this vague "attempt to batter" Jennings into claims for battery, violation of the Ralph Act, violation of the Bane Act, negligence, intentional infliction of emotional distress, or false imprisonment. Without further factual enhancement, which plaintiffs cannot provide, the complaint "stops short of the line between possibility and plausibility of "entitle[ment] to relief." (*Twombly*, 550 U.S. at 557.)

### IV. Conclusion

For the foregoing reasons and those discussed in defendant's original memorandum, defendant Mirabdal respectfully requests that this Court grant motion to dismiss under section 12(b)(6), and dismiss the complaint against her with prejudice.

Dated: Feb. 8, 2019    Respectfully submitted,

        Rachel Lederman & Alexsis C. Beach, Attorneys

        Flynn Law Office

        /s/
        By: RACHEL LEDERMAN
        Attorneys for defendant Raha Mirabdal